IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-312-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT | ) |
| and OFFICER SANTIAGO, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit on April 19, 2010, pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and has been granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Bridgeforth alleges that on April 17, 2010, he was arrested by the defendants the Wilmington Police Department ("WPD") and Officer Santiago ("Santiago") without a search warrant or probable cause. Bridgeforth alleges that Santiago used excessive force, causing him injury. He also alleges that the arrest occurred in retaliation due to other lawsuits he has filed against the WPD. Bridgeforth alleges the defendants engaged in a cover-up because they did not book him at the police station, but released him. Two criminal complaints have been filed against Bridgeforth: for resisting arrest and disorderly conduct. Bridgeforth seeks compensatory damages and expungement of his arrest record.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave

to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

The WPD is a named defendant. "[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Caldwell v. Egg Harbor Police Dep't*, No. 09-2722, 2010 WL 318282, at *1 (3d Cir. Jan. 28, 2010) (quoting *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). *Cf. Bosenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) (for purposes of § 1983 claims, municipalities and police departments are treated as single entity). A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citations omitted). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The complaint does not alleges that any particular decision, policy, or custom caused an alleged deprivation of his rights. Absent any allegation that a custom or policy established by the WPD directly caused harm to Bridgeforth, his § 1983 claim cannot stand. Accordingly, the court will dismiss the claim against the WPD as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the above stated reasons the claims against the WPD are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Bridgeforth will be allowed to proceed against Santiago.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____May 25_____, 2010
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-312-GMS |
| | ) |
| WILMINGTON POLICE DEPARTMENT | ) |
| and OFFICER SANTIAGO, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 25th day of May, 2010 for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that:

1. The claims against the Wilmington Police Department are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is dismissed as a defendant.

2. The plaintiff is allowed to proceed against the defendant Officer Santiago.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1), and (j)(2) the plaintiff shall complete and provide to the Clerk of Court an original "U.S. Marshal-285" forms for **the remaining defendant Officer Santiago, as well as the chief executive officer of the City of Wilmington, Delaware. Additionally, the plaintiff shall provide the court with copies of the complaint (D.I. 2) and sealed exhibit (D.I. 3) for service upon Officer Santiago and the chief executive officer of the City of Wilmington, Delaware. Furthermore, the plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S.**

**Marshal 285" forms have been received by the Clerk of Court.** Failure to provide the USM-285 form and copies of the complaint within 120 days from the date of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

 2. Upon receipt of the form(s) required by paragraph 1 above, the USMS shall forthwith serve a copy of the complaint (D.I. 2), the sealed exhibit (D.I. 3), this order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form. All costs of service shall be advanced by the United States.

 3. For each defendant who does not return an executed "Waiver of Service of Summons" form within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, the plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance. The plaintiff shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 1 and copies of the complaint for service. Upon issuance of the summons by the Clerk of Court, the USMS shall personally serve said defendant(s) and said defendant(s) shall be required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

 4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a

motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

                                                  _____
                                                  CHIEF, UNITED STATES DISTRICT JUDGE